UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. LOFTUS, JR., <br><br>Plaintiff, <br><br>v. <br><br>AT&T, INC., <br><br>Defendant. | No. 2:18-cv-2866 TLN DB PS <br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Noticed for hearing before the undersigned on January 11, 2019, is defendant's motion for a more definite statement and, in the alternative, motion to dismiss. (ECF No. 3.) The hearing of defendant's motion, however, will be continued to allow plaintiff an opportunity to provide the court with plaintiff's current address and for defendant to provide supplemental briefing.

On December 6, 2018, and December 18, 2018, orders served on plaintiff were returned by the U.S. Postal Service as undeliverable. Pursuant to Local Rule 183(b), a pro se party must "keep the Court and opposing parties advised as to his or her current address." If mail is returned by the U.S. Postal Service and a party fails to notify the Court within 63 days of their current address, "the Court may dismiss the action without prejudice for failure to prosecute." (Id.) Accordingly, plaintiff will be ordered to provide a current address.

Moreover, defendant removed this matter from the Amador County Superior Court, Small Claims Division, to this court on October 26, 2018. (ECF No. 1.) Defendant asserts that the court has federal question jurisdiction over this action because plaintiff's complaint alleges that the defendant improperly denied plaintiff's claim for retirement benefits, which "arises under Section 502(a)(1)(B) [of] the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B)." (Id. at 2.[1])

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

However, "there is an exception to the well-pleaded complaint rule for state-law causes of action that are completely preempted by § 502(a)" of ERISA. Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009). "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Marin General Hosp., 581 F.3d at 946 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004)).

"A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." Marin General Hosp., 581 F.3d at 947. "A court may conclude that a plaintiff could have brought a claim under § 502(a)(1)(B) if four elements are satisfied: (1) there is a relevant ERISA plan; (2) Plaintiff has standing to sue under that plan; (3) the Defendant is an ERISA entity; and (4) the complaint seeks compensatory relief akin to that available under § 502(a)." McGill v. Pacific Bell Telephone Company, 139 F.Supp.3d 1109, 1117 (C.D. Cal. 2015) (citing Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999)).

Here, defendant's notice of removal asserts that plaintiff's claim is "completely preempted by ERISA[.]" (Def.'s Not. Rem. (ECF No. 1) at 3.) However, defendant's motion to dismiss acknowledges that "the operative complaint . . . fails to apprise Defendant . . . of the specific nature of Plaintiff[']s . . . claims for relief or the underlying basis for his purported entitlement to such relief." (Def.'s MTD (ECF No. 3) at 3.) Defendant's motion to dismiss specifically notes that the complaint fails to contain "a description of Plaintiff's relationship with Defendant and alleged entitlement to benefits under a retirement plan; and a description as to whether Plaintiff exhausted administrative remedies." (Id. at 4.) Therefore, defendant will be ordered to provide the court will supplemental briefing addressing the court's subject matter jurisdiction over this action.

////

////

3

Accordingly, IT IS HEREBY ORDERED that:

1. The January 11, 2019 hearing of defendant's motion (ECF No. 3) is continued to **Friday, February 15, 2019, at 10:00 a.m**., at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

2. Plaintiff shall apprise the court of plaintiff's current address within twenty-one days of the date of this order; and

3. On or before **February 1, 2019**, defendant shall file a supplemental brief addressing the court's subject matter jurisdiction over this action. Plaintiff may, but is not required to, file a response to defendant's brief on or before February 8, 2019.

Dated: January 8, 2019

_[signature]_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\loftus2866.sup.brf.ord

4